**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | | |
|---|---|---|
| **LETAVIA D. B.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 19-1708** |
| **v.** | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |
| | ************ | |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Plaintiff Letavia B. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 9), Defendant's Motion for Summary Judgment (ECF No. 10), and "Plaintiff's Reply to Defendant's Motion for Summary Judgment" (ECF No. 11).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

decision that she is not disabled.  No hearing is necessary.  L.R. 105.6.  For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 9) is **GRANTED**.

## I

### Background

On January 10, 2018, Administrative Law Judge ("ALJ") Susan Maley held a hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified.  R. at 186-222.  The ALJ thereafter found on June 21, 2018, that Plaintiff was not disabled from her alleged onset date of disability of February 16, 2015, through the date of the ALJ's decision.  R. at 10-28.  In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since February 16, 2015, and that her trigeminal neuralgia, migraine headaches, and asthma were severe impairments.  R. at 15-17.  She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  R. at 17.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

to perform light work as defined in 20 CFR 404.1567(b) except with the following non-exertional limitations: occasionally climbing ramps or stairs, balancing, stooping, kneeling, crouching, and crawling; never climbing ladders, ropes or scaffolds; avoiding even moderate exposure to cold temperatures; and avoiding concentrated exposure to workplace hazards.  In addition, [Plaintiff] would have blurry vision lasting 15-20 minutes after putting in eye ointment every two hours.

R. at 17.[3]  The VE testified that, among other things, an individual able to remain on task for only 80% of the workday and workweek could not perform any jobs.  R. at 221.  In light of this

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).  "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

RFC and the VE's testimony, the ALJ found that Plaintiff could work as a counter attendant or cafeteria attendant.  R. at 23-24.  The ALJ thus found that Plaintiff was not disabled from February 16, 2015, through June 21, 2018.  R. at 24.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on June 11, 2019, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003).  "If at any step a finding of disability or nondisability can be made,

3

the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

4

determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not

disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Id.*  The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Hancock*, 667 F.3d at 472.  Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."  *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erred by failing to explain how she could stay on task and work on a regular and continuing basis since her February 16, 2015, surgery.  Pl.'s Mem. Supp. Mot. Summ. J. 6-10, ECF No. 9-1.  For the reasons discussed below, the Court remands this case for further proceedings.

Social Security Ruling[5] 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.  "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."  The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted).  The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'"  *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)).  Rather, remand may be appropriate "where an ALJ fails to assess a claimant's

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted.  20 C.F.R. § 402.35(b)(1).  Once published, these rulings are binding on all components of the Social Security Administration.  *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1).  "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law."  *Pass*, 65 F.3d at 1204 n.3.

capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC). The ALJ also "must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017).

Plaintiff argues that the ALJ did not explain on a function-by-function basis how she could sustain her performance despite the severe pain from her medically determinable impairments. Pl.'s Mem. Supp. Mot. Summ. J. 10, ECF No. 9-1. The ALJ noted Plaintiff's testimony that "she experiences between two to six migraine headaches on a daily basis. [Plaintiff] testified that she stopped working for the federal government after having surgery." R. at 18. "In her December 10, 2015 function report, [Plaintiff] stated that she lived in a house with her family. She reported having frequent migraines, trigeminal neuralgia, and Bell's palsy." R. at 18. "Due to these conditions, [Plaintiff] stated that she experiences tremendous pain on the right side of her head and face, regardless of the weather." R. at 18. "She testified that she must

take several medications in order to 'function some.'" R. at 18.  The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 19.

The ALJ found that, "[r]egarding [Plaintiff's] complaints of migraine headaches, the evidence of record shows that she receives medication management.  Though she reports two to six migraine headaches per day, the evidence of record does not support this degree of migraine headache frequency." R. at 19.  "Additionally, with very little exception, [Plaintiff] does not seek emergency medical services and/or urgent care services due to her migraine related symptoms, despite the frequency and severity of symptoms she reported experiencing." R. at 19-20.  "Overall, [the ALJ found] that [Plaintiff's] migraines likely limit her ability to tolerate environmental exposure and warrant postural limitations; however, she would remain capable of performing work at a light exertional level." R. at 20.  "Moreover, with regard to the argument that [Plaintiff] could not remain on task and that she would have excessive absences due to her combination of conditions, the evidence of record does not support the presence of thought process or content abnormality, impairment of memory, attention, or concentration." R. at 22.  The ALJ found "the issue of absenteeism speculative, particularly in light of the fact that [Plaintiff] initially had symptoms of Trigeminal neuralgia in 2007, underwent surgery for trigeminal neuralgia in 2010, and did not stop working until January 2015, shortly before her second surgery for trigeminal neuralgia." R. at 22.

Although the ALJ "summarized evidence [of Plaintiff's migraines] that [she] found credible, useful, and consistent," the ALJ "never explained how [she] concluded—*based on this*

*evidence*—that [Plaintiff] could actually perform the tasks required by" light work (R. at 20). *Woods*, 888 F.3d at 694.  The ALJ also failed to address the level of absenteeism that her repeated hospital visits during the relevant period due to migraines created and the impact of the absenteeism on her ability to perform substantial gainful activity.  Pl.'s Mem. Supp. Mot. Summ. J. 7-8, ECF No. 9-1 (citing administrative record).  Given the frequency of her hospital visits, "it is unclear from the record how [Plaintiff] would be able to sustain employment, without having excessive absenteeism that would likely result in [her] termination."  *Payne v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-1015, 2015 WL 412923, at *1 (D. Md. Jan. 29, 2015).  Remand under the fourth sentence of 42 U.S.C. § 405(g) thus is appropriate for the ALJ to build an accurate and logical bridge from the evidence to her conclusion.  *See Monroe*, 826 F.3d at 189.

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 10) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 9) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 9) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: June 17, 2020                          _____/s/_____
                                                      Thomas M. DiGirolamo
                                                      United States Magistrate Judge